**MULLINEAUX, Plaintiff-Appellee, v. GARY, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 5446. Decided April 23, 1956.

E. S. Morton, Columbus, for plaintiff-appellee.
Walter R. Hill, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

The record discloses that on September 9, 1955, the Court sustained the plaintiff's motion to distribute the appeal bond money which had been deposited with the Clerk, the appeal having been dismissed. The Court decreed that "the sum of $1500.00 deposited with the Clerk by defendant as an appeal bond be awarded to the plaintiff as damages incurred" by reason of the appeal; that on September 20, 1955, a motion for a new trial was filed which was overruled on December 12, 1955. On December 28, 1955, notice of appeal was filed.

The appellee is now seeking an order dismissing the appeal, asserting that the same was not filed within twenty days after order was made and that the filing of the so-called motion for a new trial did not extend the time in which a notice of appeal should have been filed.

Sec. 2321.17 R. C., provides that a new trial "is a re-examination, in the same Court, of the issues after a final order, judgment, or decree by the Court." In passing upon the motion, one of the issues was the extent of the plaintiff's damages because of the appeal not being properly brought. This was a factual question, the determination of which we think was subject to re-examination upon a motion for a new trial being filed. We therefore conclude that the notice of appeal was seasonably filed. Sec. 2505.07 R. C.

It is next urged that the case is not appealable on questions of law and fact and an order is sought seeking a dismissal of the appeal for this reason. The action was one in forcible entry and detainer which is not so appealable under §2501.02 R. C. The motion is well taken but under Rule VII of this Court the appellant would be permitted to perfect an appeal on questions of law in accord with said rule provided the questions presented have not become moot. This question is also raised in the motion asserting that the judgment has been fully executed. We have no proof of this fact other than the appellee's statement in the brief. Since this statement of fact is not denied by the appellant, we assume it is correct, and, if so, the appeal should be dismissed for this reason. See 3 O. Jur. 2d, 539.

This branch of the motion is sustained.

MILLER, PJ, HORNBECK, J, concur.
WISEMAN, J, not participating.